UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X **Docket#**
UNITED STATES OF AMERICA,      : 17-cr-00088-ERK-1
                               :
     - versus -                : U.S. Courthouse
                               : Brooklyn, New York
OLGA KOMOVA,                   :
               Defendant       : July 26, 2017
------------------------------X

TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
BEFORE THE HONORABLE STEVEN L. TISCIONE
UNITED STATES MAGISTRATE JUDGE

**A   P   P   E   A   R   A   N   C   E   S:**


**For the Government:**          **Bridget M. Rohde, Esq.**
                                 Acting U.S. Attorney

                          BY:    **Margaret E. Lee, Esq.**
                                 Assistant U.S. Attorney
                                 271 Cadman Plaza East
                                 Brooklyn, New York  11201


**For the Defendant:**           **Michael Soroka, Esq.**
                                 300 Old Country Road
                                 Mineola, New York 11501



**Transcription Service:**       **Transcriptions Plus II, Inc.**
                                 61 Beatrice Avenue
                                 West Islip, NY 11795
                                 Laferrara44@gmail.com




Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

2

Proceedings

1           THE CLERK:  The Honorable Steven Tiscione
2 presiding.
3           Criminal Cause for a Guilty Plea, <u>United States</u>
4 <u>v. Komova</u>, defendant Olga Komova, docket number 17-cr-88.
5
6           Counsel, please state your appearances for the
7 record.
8           MS. LEE:  For the United States, Maggie Lee.
9           Good afternoon, your Honor.
10          THE COURT:  Good afternoon.
11          MR. SOROKA:  Good afternoon, your Honor.
12          My name is Michael Soroka and I represent Ms.
13 Komova.
14          THE COURT:  Good afternoon.
15          Please administer the oath to the defendant.
16 O L G A   K O M O V A ,
17     called as a witness, having been first duly sworn,
18     was examined and testified as follows:
19          THE COURT:  Ms. Komova, are you able to speak
20 and understand English?
21          THE DEFENDANT:  Yes.  Yes, your Honor.
22          THE COURT:  Okay.  Have you had any difficulty
23 communicating with your attorney?
24          THE DEFENDANT:  No.
25          THE COURT:  Okay.  I understand there's an

3

                        Proceedings

1   interpreter here, I guess on standby.

2            THE INTERPRETER:  Yes, your Honor.

3            THE COURT:  Can you just note your appearance

4   for the record?

5            THE INTERPRETER:  Yana Agoureev, Russian

6   interpreter.

7            THE COURT:  Previously sworn today?

8            THE INTERPRETER:  Yes.

9            THE COURT:  Okay.  All right.  Now, Ms. Komova,

10  before I accept your guilty plea, I must ask you a number

11  of questions to assure that it is a valid plea.  If you

12  don't understand any of my questions, just let me know

13  and I will try to reword the questions or explain them to

14  the best of my ability, okay?

15           THE DEFENDANT:  Uh-hum.

16           THE COURT:  First, do you understand this is

17  Judge Korman's case.  Now he is the judge who will

18  sentence you and make the ultimate determination about

19  whether to accept your plea and if you wish, you have the

20  absolute right to have Judge Korman listen to your plea

21  and if you choose to do that, there will be no prejudice

22  to you.

23           Alternatively if you wish, I will listen to

24  your plea.  A transcript will be made and Judge Korman

25  will then review the transcript to decide whether to

4

Proceedings

1   accept your plea and in connection with your sentencing.

2            I have before me what appears to be a consent

3   form signed by yourself and your attorney indicating that

4   you consent to have your plea taken by me and is that

5   your signature on this form?

6            THE DEFENDANT:  Yes, it is.

7            THE COURT:  Okay.  Do you wish give up the

8   right to have Judge Korman listen to your plea and

9   instead proceed before me?

10           THE DEFENDANT:  No.  I mean, I wish you to

11  accept the plea.

12           THE COURT:  Okay, all right.  So you are

13  agreeing to give up your right to have Judge Korman --

14           THE DEFENDANT:  Yes, yes.

15           THE COURT:  -- listen to your plea.

16           THE DEFENDANT:  Yes.

17           THE COURT:  And do you make this decision

18  voluntarily and of your own free will?

19           THE DEFENDANT:  Yes, your Honor.

20           THE COURT:  Okay.  Have any threats or promises

21  been made to you to induce you to have me take your plea?

22           THE DEFENDANT:  No

23           THE COURT:  Okay.  All right.  So, do you

24  understand you have the right to be represented by

25  counsel at trial and at every other stage of the

5

Proceedings

1    proceedings, including this one?

2              THE DEFENDANT:  Yes.

3              THE COURT:  And you understand if you cannot

4    afford counsel, the Court may appoint counsel for you?

5              THE DEFENDANT:  Yes.

6              THE COURT:  Okay.  I understand Mr. Soroka is

7    acting as your attorney.  If you have any need to speak

8    to him during the course of the proceeding, just let me

9    know and I'll give you as much time as you need, okay?

10             THE DEFENDANT:  Thank you.

11             THE COURT:  All right.  You have sworn to tell

12   the truth.  That means if you answer any of my questions

13   today falsely, your answers may later be used against you

14   in a separate proceeding for the crimes perjury or making

15   a false statement.

16             Do you understand that?

17             THE DEFENDANT:  Yes, I understand that.

18             THE COURT:  Can you please tell me your full

19   name?

20             THE DEFENDANT:  Olga Komova.

21             THE COURT:  All right.  And how old are you?

22             THE DEFENDANT:  26.

23             THE COURT:  What is the highest grade you

24   completed in school?

25             THE DEFENDANT:  It's a little bit different,

6

Proceedings

1   apart from the United States.

2           THE COURT:  Okay.

3           THE DEFENDANT:  I completed high school and

4   also, I have academic license on top of that.

5           THE COURT:  And where did you attend school?

6           THE DEFENDANT:  In Uzbekistan.

7           THE COURT:  Okay.  Are you presently or have

8   you recently been under the care of a physician, a

9   doctor?

10          THE DEFENDANT:  Only in MDC, Brooklyn.  I've

11  been to hospital several times.

12          THE COURT:  Okay.  For anything that would

13  affect your ability to understand the nature of these

14  proceedings?

15          THE DEFENDANT:  No.

16          THE COURT:  Okay.  Have you -- are you

17  presently or have you recently been under the care of a

18  psychiatrist?

19          THE DEFENDANT:  No.

20          THE COURT:  Have you ever been hospitalized or

21  treated for any mental illness?

22          THE DEFENDANT:  No.

23          THE COURT:  Have you ever been hospitalized or

24  treated for addiction to drugs or alcohol?

25          THE DEFENDANT:  Absolutely not.

7

Proceedings

1          THE COURT:  Okay.  In the past 24 hours, have
2  you consumed any narcotic drugs?
3          THE DEFENDANT:  No.
4          THE COURT:  In the past 24 hours, have you
5  taken any medications?
6          THE DEFENDANT:  No.
7          THE COURT:  In the past 24 hours, have you
8  consumed any alcoholic beverages?
9          THE DEFENDANT:  No.
10          THE COURT:  Is your mind clear?
11          THE DEFENDANT:  Yes.
12          THE COURT:  Do you understand what's going on
13  here today?
14          THE DEFENDANT:  Yes, your Honor.
15          THE COURT:  Counsel, have you discussed this
16  matter with your client?
17          MR. SOROKA:  Extensively, your Honor.
18          THE COURT:  Have you had any problems with her
19  in English?
20          MR. SOROKA:  I have not.
21          THE COURT:  Okay.  All right. Have you
22  discussed this matter your client and in your opinion, is
23  she capable of understanding the nature of these
24  proceedings?
25          MR. SOROKA:  In my opinion, she is capable of

8

                              Proceedings
1   understanding the nature of these proceedings.
2           THE DEFENDANT:  Okay.  In your opinion, does
3   she understand the rights she'll be waiving by pleading
4   guilty?
5           MR. SOROKA:  Yes.
6           THE COURT:  Do you have any doubt as to the
7   defendant's competence to plead at this time?
8           MR. SOROKA:  I do not.
9           THE COURT:  Have you advised her of the maximum
10  sentence and fine that can be imposed?
11          MR. SOROKA:  Yes, your Honor.
12          THE COURT:  Have you discussed with her the
13  operation of the advisory sentencing guidelines?
14          MR. SOROKA:  I have, your Honor.
15          THE COURT:  Okay.  And Ms. Komova, have you had
16  a sufficient opportunity to discussed this case with your
17  attorney?
18          THE DEFENDANT:  Yes.
19          THE COURT:  And are you fully satisfied with
20  the representation and advice given to you in this case
21  by your attorney, Mr. Soroka?
22          THE DEFENDANT:  Absolutely.
23          THE COURT:  Have you received a copy of the
24  indictment that's been filed against you in this case?
25          THE DEFENDANT:  Yes, your Honor.

9

Proceedings

1          THE COURT:  All right.  Have you consulted with
2    your attorney about the charges and specifically, the
3    charge to which you'll be pleading guilty, which is Count
4    1 of the indictment.
5          THE DEFENDANT:  Yes.
6          THE COURT:  Wire fraud conspiracy.  That's a
7    conspiracy to commit wire fraud between June 2014 and
8    April 2016.
9          Do you understand the charge?
10         THE DEFENDANT:  Yes, your Honor.
11         THE COURT:  Okay.  And I understand you are
12   pleading guilty pursuant to a written agreement with the
13   government, correct?
14         THE DEFENDANT:  Yes, sir.
15         THE COURT:  All right.  Before we go into the
16   agreement itself, let me advise you of the rights that
17   you will be waiving if you plead guilty in this case.
18         The first and most important thing you need to
19   understand is that you do not have to plead guilty even
20   if you are guilty.  Under our legal system, the
21   prosecutor has the burden of proving the guilt of a
22   defendant beyond a reasonable doubt and if the prosecutor
23   cannot or does not meet that burden, the jury has the
24   duty to find the defendant not guilty even if the
25   defendant is guilty.

10

                          Proceedings

1           Do you understand that?

2           THE DEFENDANT:  I understand.

3           THE COURT:  Now if you plead not guilty, then

4   under the Constitution and laws of the United States, you

5   are entitled to a speedy and public trial by jury with

6   the assistance of counsel on the charge contained in the

7   indictment.

8           Do you understand that?

9           THE DEFENDANT:  (No verbal response.)

10          THE COURT: At the trial, you would be presumed

11  to be innocent.  It is the government's burden to

12  overcome that presumption and prove you guilty by

13  competent evidence and beyond a reasonable doubt.  And if

14  the government does not meet that burden, the jury would

15  have the duty to find you not guilty.

16          Do you understand that?

17          THE DEFENDANT:  Yes.

18          THE COURT:  In the course of the trial, the

19  witnesses for the government would have to come to court

20  and testify in your presence.  And your counsel would

21  have the right to cross-examine the witnesses for the

22  government, submit evidence on your behalf and object to

23  evidence offered by the government.  Your attorney would

24  also have the right to subpoena or compel witnesses to

25  come to court and testify.

11

Proceedings

1          Do you understand that?

2          THE DEFENDANT:  Yes.

3          THE COURT:  At a trial, you have the right to

4   testify in your own behalf if you chose to do so.

5   However, you are not be required to testify.  Under the

6   Constitution of the United States, a defendant in a

7   criminal case cannot be forced to take the witness stand

8   at her trial and say anything that could be used against

9   her to show that she is guilty of the crime with which

10  she is charged.

11          If you decide not to testify, the Court would

12  instruct the jury that they could not hold that against

13  you.  That's called your right against self-

14  incrimination.  By pleading guilty, you would be

15  admitting your and you would therefore be giving up your

16  right against self-incrimination.

17          THE DEFENDANT:  Understand.

18          THE COURT:  Okay.  If you plead guilty, I will

19  have to ask you questions about what you did in order to

20  satisfy myself that you are, in fact, guilty of the

21  charge to which you are pleading and you'll have to

22  answer my questions truthfully an acknowledge your guilt.

23  I would remind you that you have taken an oath to answer

24  my questions truthfully.  In other words, it's not enough

25  to simply say that you are guilty.  You must also tell me

Proceedings

1   what it is that you did that makes you guilty of the

2   particular charge to which you are pleading.

3           Do you understand that?

4           THE DEFENDANT:  I understand.

5           THE COURT:  If you plead guilty and the

6   district court accepts your plea, you'll be giving up

7   your constitutional right to a trial and all of the other

8   rights that I have just discussed.  There will be no

9   further trial of any kind.  The Court will simply enter a

10  judgment of guilty based on your guilty plea.

11          Do you understand that?

12          THE DEFENDANT:  I understand, yeah.

13          THE COURT:  Now if you decided to go to trial

14  and a jury found you guilty, you could appeal both the

15  verdict and the sentence.  By pleading guilty and

16  entering into the plea agreement that is before the

17  Court, you will have waived or given up your right to

18  appeal or collaterally attack all or part of the

19  sentence.

20          Specifically, in the agreement, you have agreed

21  to waive any right to appeal or challenge the sentence if

22  the Court imposes a term of imprisonment of 33 months or

23  below.

24          Do you understand that?

25          THE DEFENDANT:  Yes, I do.

13

Proceedings

1          THE COURT:  Okay.  Are you willing to give up

2     your right to a trial and the other rights that I have

3     just discussed?

4          THE DEFENDANT:  Yes.

5          THE COURT:  Okay.

6          THE DEFENDANT:  Yes.

7          THE COURT:  All right.  I have before what has

8     been marked for identification as Court Exhibit 1.  It

9     appears to be a plea agreement.

10          Looking at the last page of this eight-page

11     document, it appears to have your signature, your

12     attorney's signature and signatures for the government

13     attorneys.

14          Is that your signature on the last page here?

15          THE DEFENDANT:  Yes, your Honor.

16          THE COURT:  Okay.  Have you read the plea

17     agreement?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Okay.  And have you reviewed the

20     agreement with your attorney?

21          THE DEFENDANT:  Yes, absolutely.

22          THE COURT:  Do you understand all of the terms

23     of the agreement?

24          THE DEFENDANT:  Yes.

25          THE COURT:  Okay.  Counsel, have you read and

14

Proceedings

1    reviewed with your client the written plea agreement

2    that's before the Court?

3             MR. SOROKA:  I have, your Honor.

4             THE COURT:  Okay.  And does it reflect your

5    understanding of the entire agreement that your client

6    has entered into with the government?

7             MR. SOROKA:  Yes, it does.

8             THE COURT:  And Ms. Komova, does this written

9    plea agreement reflect your understanding of the entire

10   agreement that you have with the government?

11            THE DEFENDANT:  Yes.

12            THE COURT:  Okay.  Now I want to discuss with

13   you the sentencing scheme that's applicable here.  The

14   statute you're accused of violating carries a maximum

15   sentence of five years in jail.  There's no minimum

16   sentence.  It carries a maximum supervised release term

17   of three years, to follow any term of imprisonment and if

18   you violate any condition of release, you can be

19   sentenced to up to two years without credit for pre-

20   release imprisonment or time previously served on post-

21   release supervision.

22            There is also a maximum fine of $250,000 or

23   twice the gross gain or twice the gross loss.

24            Do you know what the gain or loss is in this

25   case?  Is it twice --

```
                                                              15
                        Proceedings
```

1          MS. LEE:  For the entirety of the conspiracy,

2    the gross loss is a little bit over $2 million.

3          THE COURT:  Uh-hum.

4          MS. LEE:  But that would not necessarily be

5    attributed to her for the calculation of the fine.

6          THE COURT:  Okay.  Well, just to be on the safe

7    side, I think I'll advise you that the maximum fine if it

8    were as high as twice the gross gain could be as high as

9    $4 million.

10          But restitution is also mandatory in an amount

11    to be determined by the Court.  There's a mandatory $100

12    special assessment and based on the agreement, it appears

13    that you are not a citizen of the United States.

14    Correct?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Okay.  So understanding that, the

17    conviction for this offense will likely result in your

18    removal or deportation from the United States.

19          Do you understand that?

20          THE DEFENDANT:  Yes, I understand.

21          THE COURT:  Okay.  And understanding that, you

22    still wish to plead guilty in this case?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Okay.  Judge Korman does not have

25    complete discretion to impose a sentence in this case.

16

Proceedings

1   As a first step, the Court must consider the advisory

2   sentencing guidelines issued by the United States

3   Sentencing Commission in determining what is a reasonable

4   sentence.

5        As a second step, the Court must consider

6   whether there are any factors present that would allow

7   the Court to depart either upwardly or downwardly from

8   that advisory guideline range.

9        In addition, the Court must consider the

10  factors set forth in 18 U.S.C. Section 3553(a) against

11  all of the facts and circumstances of the case and it may

12  be that what is called a non-guideline sentence may be

13  appropriate.

14       The bottom line is that until the date of

15  sentencing when we get a presentence report, the judge

16  hears from you, your attorney and the attorney for the

17  government, you cannot know with certainty what the

18  guidelines will be or whether there will be grounds to

19  department from them or impose a non-guideline sentence.

20       Do you understand that?

21       THE DEFENDANT:  I understand.

22       THE COURT:  Okay.  Nevertheless, I ask the

23  attorneys to give their best estimate of what the

24  guidelines are likely to say based upon the facts

25  available to them at this time, keeping in mind that the

17

Proceedings

1  guess can be wrong and you understand that the estimate

2  is not binding on the government, probation, the Court

3  and if it's wrong, you will not be permitted to withdraw

4  your plea of guilty on that basis.

5        THE DEFENDANT:  I understand.

6        THE COURT:  Okay.  Ms. Lee, what's the

7  government's estimate?

8        MS. LEE:  The government estimates a total

9  offense level of 20, taking into consideration a three-

10  point reduction for acceptance of responsibility, with

11  the defendant pleading guilty today, an adjusted offense

12  level of 17, assuming a criminal history category of one,

13  the guidelines range would be 24 to 30 months.

14        THE COURT:  Okay.

15        Mr. Soroka, do you have a different

16  calculation?

17        MR. SOROKA:  Judge, I believe that there might

18  be an argument with respect to the portion of the

19  government's estimate that deals with a ten-point

20  enhancement based upon the amount of money attributable

21  to my client but for purposes of this plea, my client and

22  I fully understood that the government's estimate is

23  probably the one she should rely on most.

24        And then we have some other factors that we

25  would present to Judge Korman in accordance with his

18

Proceedings

1   ability to depart downwardly but I have assured the

2   defendant that the guidelines are a starting point --

3              THE COURT:  Uh-hum.

4              MR. SOROKA:  -- and that she has no expectation

5   of any particular sentence until Judge Korman imposes

6   one.

7              THE COURT:  Okay.  So do you understand all of

8   that, Ms. Komova?

9              THE DEFENDANT:  Absolutely.

10             THE COURT:  Okay.  Do you have any questions

11  you would like to ask me about the charge, your rights or

12  anything else relating to this matter?

13             THE DEFENDANT:  No, your Honor.

14             THE COURT:  Counsel, do you know any reason why

15  your client should not plead guilty?

16             MR. SOROKA:  No, Judge.

17             THE COURT:  Are you aware of any viable legal

18  defenses to the charge?

19             MR. SOROKA:  I am not.

20             THE COURT:  Ms. Komova, are you ready to plead?

21             THE DEFENDANT:  Yes, your Honor.

22             THE COURT:  Okay.  And what is your plea to

23  Count 1 of the indictment, wire fraud conspiracy, guilty

24  or not guilty?

25             THE DEFENDANT:  Guilty, your Honor.

19

Proceedings

1          THE COURT:  Are you pleading guilty voluntarily

2  and of your own free will?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Has anyone threatened or forced you

5  to plead guilty?

6          THE DEFENDANT:  No.

7          THE COURT:  Other than the promises contained

8  in the written plea agreement, has anyone made any

9  promises to you to induce you to plead guilty?

10          THE DEFENDANT:  No.

11          THE COURT:  Has anyone made any promise to you

12  as to what your final sentence will be?

13          THE DEFENDANT:  No.

14          THE COURT:  All right.  So did you as charged

15  in Count 1 of the indictment between June 2014 and April

16  2016, agree with others to devise a scheme, an artifice,

17  to defraud financial institutions and to obtain money and

18  property by means of materially false and fraudulent

19  pretenses and through means of wire communications?

20          THE DEFENDANT:  Yes, your Honor.

21          THE COURT:  Okay. Can you tell me what it is

22  that you did in your words that makes you guilty of that

23  offense?

24          THE DEFENDANT:  Yes, absolutely.  Between

25  approximately 2014 and 2016 in Brooklyn, New York and

20

Proceedings

1   Thailand and elsewhere, I agreed with others and

2   participated in acts that I believed to be a fraud.

3   Specifically, money was frequently wired from individuals

4   that I did not know in the United States to accounts in

5   my name in banks in Thailand at the direction of a family

6   relative.

7          I supplied bank cards and telephone SIM card to

8   facilitate these transactions.  On two occasions, wires

9   were sent from JPMorgan Chase Bank account in Brooklyn,

10  New York to my account in Thailand from the company that

11  I did not know.  The wire supposedly stated that the

12  money was for family support.  I did (indiscernible)

13  avoid gaining full knowledge of all these events but came

14  to know that what I was doing was completely wrong.

15         And personally, still facilitated the transfer

16  of the funds to the others.   I personally received tens

17  of thousands of dollars and I am so sorry for what I did

18  and I really apologize to all the person who lost their

19  money.

20         THE COURT:  Okay.  Thank you.  Is that

21  sufficient to the government?

22         MS. LEE:  It is, your Honor.

23         THE COURT:  Thank you.  Okay.  Based on the

24  information given to me, I find that the defendant is

25  acting voluntarily, that she understands her rights and

21
Proceedings

1   the consequences of her plea and that there is a factual

2   basis for the plea.

3           I, therefore, recommend to Judge Korman that he

4   accepts the defendant's plea of guilty to Count 1.

5           I think there is a sentencing date that has

6   tentatively been set for November 29th at 2:30.

7           MR. SOROKA:  Your Honor, I will take that date

8   but I should inform the Court that I have discussed with

9   the government and I don't believe they're going to have

10  any objection to me contacting chambers to see if that

11  sentencing date can be advanced.

12          THE COURT:  Okay.

13          MR. SOROKA:  That might be well beyond the

14  minimum time that my client will have spent in jail.

15          THE COURT:  Okay.  Well, you need to contact

16  probation as well and ask for an expedited PSR.  So, you

17  know, the sooner you do that, the sooner they can start

18  their process and hopefully sentencing can take place

19  earlier than November.

20          I assume you want to be present for the

21  presentence interview?

22          MR. SOROKA:  I may, Judge.  I am going to speak

23  to probation first.

24          THE COURT:  Okay.  All right.  Anything

25  further?

22

Proceedings

1          MR. SOROKA:  You said November 29th at 2:30?

2          THE COURT:  November 29th at 2:30 but

3   obviously, if you want to bring that up closer, just

4   contact Judge Korman's chambers and see.

5          MR. SOROKA:  Thank you.

6          THE COURT:  Anything further from either side?

7          MS. LEE:  No, thank you, your Honor.

8          THE COURT:  All right.  Thank you.  Have a good

9   day.

10              (Matter concluded)

11                  -o0o-

12

13

14

15

16

17

18

19

20

21

22

23

24

25

23

# C E R T I F I C A T E

       I, LINDA FERRARA, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

       I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

       IN WITNESS WHEREOF, I hereunto set my hand this **9th** day of **February**, 2018.

Linda Ferrara

AAERT CET**D 656
Transcriptions Plus II, Inc.